MINNESOTA KINGSMEN CHESS ASSOCIATION, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Minnesota Kingsmen Chess Asso. v. Commissioner
Docket No. 408-81X.
United States Tax Court
T.C. Memo 1983-495; 1983 Tax Ct. Memo LEXIS 291; 46 T.C.M. (CCH) 1133; T.C.M. (RIA) 83495; August 17, 1983. Ronald R. Vogel, for the petitioner. David D. Baier, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Fred S. Gilbert, Jr., for opinion pursuant to section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 218(a), Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE
*293 GILBERT, Special Trial Judge: This is an action for declaratory judgment pursuant to section 7428. The case was submitted for decision on the basis of the certified administrative record in accordance with Rule 217(b)(1), Tax Court Rules of Practice and Procedure. All jurisdictional requirements have been satisfied, as previously determined by this Court in a Memorandum Sur Order, dated July 28, 1982. The sole issue for consideration is whether the petitioner is organized and operated exclusively for educational purposes within the meaning of section 501(c)(3). Petitioner was organized in February 1975 as the Isanti Chess Club. On October 5, 1979, it incorporated under the provisions of the Minnesota Nonprofit Corporation Act and changed its name to the Minnesota Kingsmen Chess Association, Inc. (referred to hereinafter as "MKCA"). On October 12, 1979, MKCA filed an Application for Recognition of Exemption, thereby requesting a determination of its status as an organization described in section 501(c)(3).The general purposes of MKCA, as stated in its original Articles of Incorporation, included the following: (1) To broaden and develop chess as art and recreation, as *294 a significant element of culture in Minnesota, and (2) to receive donations from the general public to enable the association to conduct chess matches and tournaments and to award trophies and other prizes to successful contestants. On December 12, 1979, MKCA was issued a proposed adverse determination letter. Petitioner appealed the decision to respondent's St. Paul Appeals Office and thereafter amended its Articles of Incorporation to read as follows: (1) To broaden and develop chess as art and (drop the word recreation) as an educational competitive device which rewards a person by exercising and developing his brain and memory and is a form of communicating between two minds, even if a common language is not spoken, and as a significant element of culture in Minnesota. The Association shall work towards this end by the instruction and testing of knowledge and capabilities in chess. Despite the amendment, a final adverse determination letter was issued by the respondent on October 16, 1980. MKCA, in turn, filed a Petition for Declaratory Judgment on January 8, 1981. At the time of filing, MKCA was affiliated with the United States Chess Federation (a section 501(c)(4) *295 organization) and the Minnesota State Chess Association (a section 501(c)(7) organization). Petitioner organized numerous chess tournaments for its members, provided chess magazines and books to libraries, offered free instruction by arrangement, and gave exhibitions at various public places. One of its directors had conducted a class for beginners at a community education center. Four times a year, it published the Minnesota Kingsmen Chess Association Bulletin, a newsletter that notified members of future tournaments. During 1979, MKCA scheduled 21 tournaments. Cash prizes derived from entry fees were awarded in at least 12 of those events. Petitioner contends that it should be exempt from tax under section 501(a) because its purposes and activities are educational within the meaning of section 501(c)(3). We disagree. Section 501(c)(3) exempts from Federal income tax corporations organized and operated exclusively for educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual. Section 1.501(c)(3)-1(a), Income Tax Regs., makes it clear that, in order to be exempt, an organization must be both organized and operated *296 exclusively for an educational purpose. The presence of a single noneducational purpose, if substantial in nature, will make the organization ineligible for the exemption, regardless of the number or importance of truly educational purposes. Better Business Bureau v. United States,326 U.S. 279, 283 (1945); section 1.501(c)(3)-1, Income Tax Regs.
In the present case, we have little doubt that the participants have increased their knowledge of chess as a result of the tournaments conducted by MKCA. Based on the entire administrative record, however, we find that the matches were more recreational in nature than educational. See North American Sequential Sweepstakes v. Commissioner,77 T.C. 1087, 1094 (1981). Although the tournaments may have provided some educational benefit to the individuals involved, they were designed primarily to give club members an opportunity to compete against each other for prizes on a regular basis. Participation in most of the tournaments was limited to members of the United States Chess Federation and virtually all of the prizes were awarded to MKCA members. The record shows that, during 1979, MKCA devoted approximately *297 48 hours of its operation to the publication of its newsletter, 102 hours to instruction, and 96 hours to tournament competition. Copies of the newsletter, however, reveal that most of the published information consisted of results from past tournaments and advertisements concerning future tournaments. As a result, at least half of the time devoted to MKCA's operation was spent on promoting and conducting tournament activities. The serving of recreational interests by these tournaments is a substantial purpose for the existence and operation of the organization. Consequently, MKCA does not meet the operational test of section 501(c)(3). Since petitioner has failed to establish that it is operated exclusively for educational purposes, it is unnecessary to determine whether the organizational test has been satisfied. MKCA alleges that respondent has been inconsistent in his treatment of applications under section 501(c)(3) because some chess organizations have been recognized as being tax-exempt organizations. Although the record does show that a few state-wide chess organizations have been granted tax-exempt status under section 501(c)(3), the facts and circumstances surrounding *298 their applications are not now before this Court. Consequently, we can render no opinion with respect to respondent's treatment of those organizations. Our sole task is to decide whether petitioner in the instant case is organized and operated exclusively for educational purposes, as required by section 501(c)(3). After a careful review of the certified administrative record, we find that petitioner fails to meet the operational test. Accordingly, we must sustain respondent's determination that petitioner does not qualify for tax-exempt status under section 501(c)(3). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩